IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEONIDAS FLORES, | } |
| Plaintiff, | } |
| v. | } CIVIL ACTION NO. H-03-3383 |
| RIBBON COMPANY OF HOUSTON, INC., and SUE PARK, | } |
| Defendants. | } |

## ORDER

Pending before the court are the Motions of Plaintiff, Leonidas Flores ("Flores") for Entry of Default against Houston Business Products Company ( Doc. 17) and Motion to Amend Complaint (Doc. 18). Also pending is the Motion of Defendant, Houston Business Products Company to Dismiss Under Rule 12(b)(6)F.R.C.P., Alternatively, to Strike Alleged Service under Rule 12(b)(4) & (5) and Original Answer Subject to Motion to Dismiss and Strike. (Doc. 20.)

On November 1, 2004, the court ordered (Doc. 16) Plaintiff, Leonidas Flores ("Flores") to file for default judgment against Defendant Ribbon Company of Houston, Inc. ("Ribbon Company"), in lieu of dismissal due to failure to prosecute, as it seemed clear to the court that return of service as to Ribbon Company had been executed on November 7, 2003, and the instant action had always been prosecuted against Ribbon Company as the proper party Defendant. In its order (Doc. 16), the court noted that the returns of service filed on November 10, 2003, showed that both Defendants Sue Park and Ribbon Company were served at the same address, 910 Louisiana Street, Houston, Texas 77002, and both returns made mention of the fact that the Ribbon Company was the former title of a new business termed "Houston Business Products," located at the same address. (Docs.3 & 4.)

Flores has since filed a First Amended Original Complaint (Doc. 19), and has Moved to Amend the Pleadings (Doc. 18), arguing that pursuant to Fed. R. Civ. P. 15, he should be allowed to substitute as Defendant "Houston Business Products Company" as successor in

interest to "Good News Trading Company, Inc.," the latter entity having done business under the assumed trade names of "Ribbon Company" and/or "Ribbon Company Office Supplies." (Doc. 18, pp. 2-3.)

The court faces the difficulty that while "a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served," and leave to amend "shall be freely given when justice so requires" pursuant to Rule 15(a), Flores also filed a Motion for Entry of Default (Doc. 17) against the newly proposed Defendant, Houston Business Products Company at virtually the same time he asked to include this defendant as a replacement for Ribbon Company. The Fifth Circuit Court of Appeals has stated that "While Fed. R. Civ. P. 15(a) endows a district court with "virtually unlimited discretion" to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (*citing* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1489 (2d ed. 1990 & Supp. 1999)). "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60." *Id.* While judgment has certainly not *yet been* entered in the instant action, the court ordered Flores to file for default or have his action dismissed for want of prosecution, and the court was ready to grant default against Ribbon Company, until Flores moved to amend to change the captioned Defendant on the same date he moved for default. Flores is represented by counsel and received some basic notification as of the returns of service of November of 2003 that not all was correct with suing Ribbon Company, because Ribbon Company may have been the former name of a so called "Houston Business Products Inc.," now doing business at the same address. (Doc. 18, p. 1; *See also* Doc's 3 & 4.)

While Flores' request to amend the complaint under Rule 15(a) would apply if no responsive pleading has ever been filed in the instant action, Flores moved to amend his pleadings pursuant to Rule 15(c), utilizing factors applicable when the statute of limitations may have passed, in an action, such that any amendment will relate back to the date of original filing under this Rule. (Doc. 18, p. 2-3.) Fed. R. Civ. P. 15(c) provides:

> (c) Relation Back of Amendments.
>
> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

"As the Second Circuit has noted, the amended Rule [15(c)] "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification."" *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citing *Barrow v. Wetherfield Police Dept.*, 66 F.3d 466, 469 (2d Cir. 1995)). The claims Flores asserts against Houston Business Products Company in the First Amended Complaint arise from the same conduct, transaction or "occurrence" set forth in the original pleading. See *Id.* The two complaints are virtually identical and no new causes of action are alleged against the newly named Defendant. Therefore, only the "notice" within 120 days, and the "mistake" clauses of subpart (3) of Rule 15(c) must be satisfied. See *Id*.

The Court of Appeals infers notice if there is an "identity of interest between the original defendant and the defendant sought to be added or substituted." *Id*. (citing *Moore v. Long*, 924 F.2d 586, 588 (5th Cir. 1991); *Kirk v. Cronvich*, 629 F.2d 404, 407-8, (5th Cir. 1980), *overruled in part by Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986)). Identity of interest generally means that "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id*. (citing *Kirk*, 629 F.2d at n. 4.) Flores has submitted documents showing that "Ribbon Company" and/or "Ribbon Company Office Supplies" were assumed trade names of "Good News Trading Company, Inc." of which Defendant Park was director, and that

Park is also manager of "Houston Business Products," all three companies having been located at the same address at which Ribbon Company is located, and at the address where Sue Park had been initially served. (Doc. 18, Exh's 1-4.) Furthermore, Michael Burke, attorney for Flores, has averred that Houston Business Products Company has been served through service of its manager Sue Park. (Doc. 17, Michael Burke Affidavit, Exh. 1.) Such information is sufficient to show an identity of interest such that notice quite probably was received by the newly added Defendant.

Finally, it is clear that but for a mistake concerning the identity of the proper party, this action would have been brought against Houston Business Products Company rather than Ribbon Company of Houston, Inc. It does not appear that Flores sued Ribbon Company because he lacked knowledge of the proper party, or that he failed to take the necessary steps to ascertain the identity of the proposed defendants, even though Flores was aware that Houston Business Products was formerly the Ribbon Company as based on the return of service in November 2003. *See Paul v. G.P.D.A., Inc.*, Civil Action No. 3:02-CV-0834-N, 2003 U.S. Dist. LEXIS 20833, *10-11 (N.D. Tex. Nov. 19, 2003). Rather, Flores attempted to sue the company which had employed him and had allegedly underpaid him, and his pay-stub showed this entity as the Ribbon Company (Doc. 18, Exh. 1); the recent printout page of the "Assumed Names Inquiry System" does not show the name of "Houston Business Products Company" at all. (Doc. 18, Exh. 2.) However, the "Schedule I" bankruptcy form utilized by Robert and Sue Park states that Sue Park has been the "manager" of "Houston Business Products" for one year. (Doc. 18, Exh. 4.) Although Flores could have exercised greater diligence in identifying the correct name for Houston Business Products Company/Ribbon Company, the fact that the Defendant company or Park, have apparently utilized several company names in recent times should not bar the amendment of his action on the basis of a mistake when plaintiff was attempting to sue the intended party but under an incorrect name.

On December 8, 2004, Houston Business Products Company appeared and filed a Motion to Dismiss under Rule 12(b)(6), or Alternatively, to Strike the Alleged Service Under Rule 12(b)(4) & (5) and Original Answer Subject to Motions to Dismiss and Strike. (Doc. 20.) In such

motion, Houston Business Products Company admitted that "Ribbon Company" had been an assumed trade name of the Texas Corporation, "Good News Trading Company, Inc," which had conducted business under such name until its dissolution through the filing of Articles of Dissolution on June 25, 2004. (Doc. 20, p. 2, Exh's 1 & 2.) Houston Business Products Company has alleged that it was established through Articles of Incorporation on May 15, 2003, that it was a distinct and separate corporation established two years after Flores' employment with Good News Trading Company d/b/a the Ribbon Company, and that it was not a successor-in-interest to either of those prior companies. (*Id*., p. 2, Exh's 3 & 4.) Houston Business Products Company asserted that it had been served by Flores' counsel with the Motion to Amend, the Amended Complaint naming it as defendant, and the Motion for Entry of Default; however, this occurred, according to Defendant, without any summons issuing against it and without the court granting any motion to Amend. (*Id*. at p. 3.) Furthermore, Houston Business Products Company sought dismissal on the grounds that there never was an employer/employee relationship between it and Flores. (*Id*.)

In response, Flores points out that not only does his Amended Complaint clearly allege a claim under the FLSA, but Sue Park represented to the bankruptcy court that she had been the manager of the "Houston Business Products Company" at the same address as that occupied by the Good New Trading Company, Inc., since at least February 2003, a full three months before Houston Business Products Company was evidently incorporated. (Doc. 21, p. 2; citing Exh. 1.) In the alternative, Flores sought leave from the court to conduct expedited discovery in order to ascertain whether Houston Business Products Company is a successor in interest or otherwise related to the entity previously doing business at its location. (*Id*. at p. 2 to 3.) Notwithstanding any misnomer or misidentification, however, Flores continued to allege that Houston Business Products Company was served with process and a copy of the Original Complaint on November 7, 2003, such that both it and its manager, Park, received notice, and also sought leave to serve Houston Business Products Company.

Since the filing of these motions, Magistrate Stacy entered a scheduling order (Doc. 23). The notice of the scheduling order was returned undeliverable to counsel for Defendant, L. David Smith. (Doc. 24.)

Although the court will allow the amendment of Flores' complaint, it will not enter default judgment against the newly captioned Defendant, "Houston Business Products Company." Before proceeding any further Flores must first properly serve Houston Business Products Company. The court will deny the Rule 12(b)(4), (5) and (6) Motion to Dismiss without prejudice.

Accordingly, it is hereby

**ORDERED** that Plaintiff, Leonidas Flores' Motion to Amend the Pleadings (Doc. 18) is **GRANTED**; it is further

**ORDERED** that Plaintiff, Leonidas Flores' Motion for Entry of Default (Doc. 17) is **DENIED**; rather, Plaintiff must provide proof of service of the Amended Complaint and Summons upon Defendant Houston Business Products Company; it is further

**ORDERED** that Defendant, Houston Business Products Company's Motion to Dismiss under Rule 12(b)(6), or Alternatively, to Strike the Alleged Service Under Rule 12(b)(4) & (5) is **DENIED without prejudice**; and it is further

**ORDERED** that the Court Clerk shall send a copy of this Order to L. David Smith, *not* at 2200 Post Oak Blvd., Suite 300, Houston, Texas, *but* to the address he lists in his motion to dismiss (Doc. 20, p. 6), namely:

> 4646 Wild Indigo, Suite 110
> Houston, Texas 77027.

**SIGNED** at Houston, Texas, this 29th day of September, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE